LAKEWOOD TRUST COMPANY and WALLACE & BEHREND. COMPANY, INCORPORATED, complainants.

*v.*

LAWSHANE COMPANY, INCORPORATED, et al., defendants.

[Decided January 31st, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, who filed the following opinion:

"A brief statement of the facts in connection with this matter is perhaps advisable. These facts are gained from a perusal of the file, and an examination of the papers, pleadings, conclusions and orders that were before Vice-Chancellor Foster, who, prior to his death, had charge of this litigation.

"A bill was filed by the Lakewood Trust Company to foreclose a mortgage upon the premises, which consisted of a hotel and its furniture at Lakewood. Application was made for a receiver in this proceeding. About the same time a bill was filed by the Wallace & Behrend Company, Incorporated, the complainants second above named, against one of the defendants in the first cause, asking for a receiver on the ground of insolvency. Both applications came on to be heard before Vice-Chancellor Foster at the same time. He directed a consolidation of the suits, and appointed John S. Applegate, Jr., receiver in both actions. The receiver, after taking possession of the hotel, found that it was in need of

essential repairs, and under the vice-chancellor's direction, the hotel property—the subject of both suits—was directed to be sold, and an agreement was entered into on the 12th of December, 1923, between the interested parties, whereby one Louis S. Shane undertook to purchase the property under certain terms and conditions, one of which was that immediate possession of the hotel should be delivered to him. Following this, on the 12th of December, 1923, an order was made, to which said agreement was attached, relieving the receiver of any further current duties or obligations with reference to the hotel property, directing its surrender to Shane, and fixing the fees of the receiver. This order, among other things, provided:

" 'That the said Louis S. Shane agrees to purchase the aforesaid property for the sum of three hundred and seventy-five thousand dollars [$375,000]; ten thousand dollars [$10,000] to be paid upon the execution of this agreement, the receipt whereof is hereby acknowledged, and forty thousand dollars [$40,000] on May 1st, 1924, and the balance subject to two mortgages in sums aggregating not exceeding three hundred and twenty-five thousand dollars [$325,000] now a lien against the said premises.

" 'That Louis S. Shane is to take immediate possession of the aforesaid hotel and to operate the same, and is to pay interest on the first and second mortgages from the date hereof until May 1st, 1924; taxes to be apportioned from this date to May 1st, 1924, and an apportionment of the insurance premium from this date to May 1st, 1924, which insurance shall not exceed the sum of three hundred and twenty-five thousand dollars [$325,000].

" 'That in addition thereto the said Louis S. Shane shall pay the sum of ten thousand dollars to the Lakewood Trust Company which is to be used in payment of any and all indebtedness upon notes made, executed or endorsed by Mrs. Sima Elisberg, which said notes are now held by the Lakewood Trust Company and to be delivered upon payment of the aforesaid sum, payable $5,000 on February 26th, 1924, and $5,000 on April 30th, 1924.

" 'That, upon the payment of the balance of forty thousand dollars [$40,000] on May 1st, 1924, there shall be delivered to Louis S. Shane a bargain and sale deed of the said premises in Lakewood, New Jersey, known as the Elisberg Hotel property, the description in said deed to conform to the description of the deeds conveying said premises to George W. Lawrence as trustee and the Lawshane Company, Incorporated, if there be such a deed of record; said deed or deeds of conveyance to be sufficient to convey a marketable title to said property, subject, however, to the two mortgages hereinabove mentioned and free from any and all other liens.'

"There having been a failure to perform certain obligations required by the agreement to be performed before the complete vesting of title, possession of the hotel, after its enjoyment for a season by Shane, was restored to the receiver pursuant to an order dated July —, 1924, upon notice required by said order to be served on all parties interested, including said Shane, which said order further directed that the Lakewood Trust Company and Louis S. Shane account to the receiver for the operation of the hotel. An examination and audit of the books of Shane manifested that he had gained a profit of $19,370.32 from the operation of this hotel, whereupon, on the 31st of July, 1924, an order was entered directing Shane and the Lakewood Trust Company, or any and all persons who had received said sum of $19,370.32, or any part thereof, to pay the same to the receiver. Some question having arisen with reference to whether Shane had notice of this last-mentioned order, on the 15th of August, 1924, upon petition of Wallace & Behrend Company, Incorporated, an order was made directing Shane and the Lakewood Trust Company to show cause on the 26th of August, 1924, why an order should not be made directing them to comply with the order made on July 31st, 1924. After some delay and trouble, service of this order to show cause was made upon Shane, and later, answers to the petition were filed, both by the Lakewood Trust Company and Shane. The answer of Shane set up several defenses, including a denial of the jurisdiction of the court over him. On the 16th of September, 1924, an

order was entered continuing the matter until December 5th, 1924, and designating that day as the time for the hearing of the rule to show cause. This order recites the appearance of Mr. Carpenter as solicitor for Shane. On the 28th of January, 1925, another order was entered continuing the matter to May 12th, 1925, and by later order it was further continued until October 20th, 1925, and later again adjourned until the 24th of March, 1926, when an order was made from which an appeal is taken. This order recites the previous proceedings, the fact that Louis S. Shane appeared generally and waived the so-called special appearance of his counsel, which, in fact, he did, and directs after hearing counsel 'that Louis S. Shane be and he is hereby directed to pay to John S. Applegate, Jr., the receiver herein, the sum of $19,370.32 within ten days from the date of this order, to be held by said receiver subject to the adjudication by this court as to who is entitled thereto.'

"At the time of making this order, I was satisfied from an examination of the files that it was the intention of Vice-Chancellor Foster that Shane, who, upon permission of the court, occupied and enjoyed the hotel premises for a season, and, apparently, made a considerable profit for which he might be liable under his agreement to account, he having failed to carry out said agreement by the purchase of the property, should, for security's sake, pay the moneys into court. The fact that Shane was a non-resident and was attempting to elude the jurisdiction of the court, notwithstanding the condition upon which he had been by the court's order given possession of the hotel and enjoyed the same, and, apparently, gained a profit, was, in my opinion, a sufficient ground to have induced Vice-Chancellor Foster, as a precautionary measure, to require Shane to pay the profits realized to the receiver until the rights and liabilities of the parties should have been finally determined. In the correctness of the apparent view of Vice-Chancellor Foster, I entirely concur, and, hence, made the order in question. Moreover, as I said from the bench, if the money is not actually in court there is no *res* to adjudicate about and no certainty

that a court order can be successfully enforced against a non-resident."

*Messrs. McDermott, Enright & Carpenter*, for the appellants.

*Messrs. Furst & Furst* and *Mr. Halstead H. Wainright*, for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Church.

*For affirmance*—THE CHIEF-JUSTICE, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 11.

*For reversal*—None.