This is a motion to have the defendant Louis S. Shane adjudged guilty of contempt.
The case grows out of a receivership matter, heard originally by the late Vice-Chancellor Foster. The facts are fully set forth in an opinion filed by me in this cause which was unanimously affirmed by the court of errors and appeals on the opinion of the court below. 100 N.J. Eq. 572.
The order appealed from and affirmed reads: "That Louis S. Shane be and he is hereby directed to pay to John S. Applegate, Jr., the receiver herein, the sum of $19,370.32 within ten days from the date of this order, to be held by said receiver subject to the adjudication of this court as to who is entitled thereto."
Counsel for Shane contends that because of certain advances and expenses incurred by him he does not owe the receiver anything like that amount of money. This is not the point. He was specifically directed to pay this money to the receiver, and then its future disposition will be determined.
Counsel further contends that to punish for contempt would be violative of article 1, section 17, of the constitution, which provides: "No person shall be imprisoned for debt in any action, or on any judgment founded upon contract unless in cases of fraud," citing a line of cases beginning with Aspinwall v.Aspinwall, 53 N.J. Eq. 685.
But this is not an action to enforce a debt or to imprison for debt. The order was simply that Shane pay a certain sum into court that its disposition may be by the court determined. Twice the court of chancery has specifically directed him to do this, and the court of errors and appeals has affirmed the decision. He was directed to do a specific thing. This he has refused to do, and in spite of the court's order to do so, insists in arguing that he should not be required to do so. In my opinion, this is a flat defiance of a court order and a willful refusal to obey it. If such an order be thus disregarded, I cannot see how the court can maintain its dignity and enforce its decree except by an adjudication of contempt. *Page 462 
I shall hold that Shane is guilty of contempt and shall direct counsel for the receiver to prepare the proper order of commitment.